**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| **CRUM & FORSTER INDEMNITY COMPANY** § § § *Plaintiff*, § § v. § § **PRIEFERT LOGISTICS, LP and EDNA CARTER, INDIVIDUALLY and ON BEHALF OF MICHAEL CARTER, DECEASED** § § § § § *Defendants* § | Civil Action No. ___5:17-cv-154___ |

**CRUM & FORSTER INDEMNITY COMPANY'S
ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Crum & Forster Indemnity Company ("CFIC") files its Complaint for Declaratory Judgment against Priefert Logistics, LP ("Priefert") and Edna Carter, Individually and on behalf of Michael Carter, Deceased, and respectfully shows the Court as follows:

**PARTIES**

1. Crum & Forster Indemnity Company is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Morristown, New Jersey.

2. Priefert Logistics, LP is a corporation organized under the laws of the State of Texas with its principal place of business in Mount Pleasant, Texas. Priefert may be served by and through its registered agent, William Dean Priefert, who may be served at 2630 South Jefferson Ave., Mount Pleasant, Texas 75455. Citation is requested for this defendant.

3. Edna Carter is an individual and resident of Texas who may be served at 4970 County Road 2131, Detroit, TX 75436 or wherever she may be found. Citation is requested for this defendant.


## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over this lawsuit pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202.

5. In addition, this court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

6. Venue is proper in this Court under 28 U.S.C. §1391(a)(2) because a substantial part of the events giving rise to this claim occurred within this District and within this Division.

7. Venue is also appropriate in this Court under 28 U.S.C. §1391(a)(3) because Defendant Priefert has, at all material times, conducted business in the State of Texas.

## FACTUAL BACKGROUND OF UNDERLYING LAWSUITS

8. This action arises out of a present controversy between CFIC and Defendants regarding the duties of CFIC to defend and indemnify Priefert in a lawsuit arising out of an unfortunate incident. The lawsuit is styled *Edna Carter, Individually and on Behalf of Michael Carter, deceased v. Priefert Manufacturing Company, Inc., et al.;* Cause No. CV-43343; In the 62nd Judicial District Court of Hopkins County, Texas (the "Underlying Lawsuit").

9. The following factual allegations are taken from Plaintiff's Original Petition in the *Carter* Lawsuit. The Plaintiff has sued Priefert Logistics, LP, Priefert Manufacturing Company, Inc. ("PMC"), Stanley Aulsbrook, Aulsbrook & Son Truck Lines, LLC ("Aulsbrook & Son"), and Wilco Farmers d/b/a Wilco Farm Stores ("Wilco") alleging that Wilco contracted with PMC and Priefert to purchase or lease a load of cattle gates. Priefert, PMC, or both, were required to deliver the gates to a Wilco facility in Portland, Oregon and leased a truck from

Stanley Aulsbrook or Aulsbrook & Son in order to haul the load to Portland, Oregon.  Priefert, PMC, or both, were responsible for loading the cargo on a trailer prior to transport to Oregon.  Michael Carter ("Carter") was an employee of Stanley Aulsbrook and/or Aulsbrook & Son.  He drove the truck with the cargo to Wilco's facility in Portland, Oregon.  Wilco was responsible for unloading the cattle gates from the trailer.  On or about February 28, 2017, as employees of Wilco were unloading the cattle gates, the gates fell on Michael Carter, killing him.  CFIC is defending Priefert under a reservation of rights in the *Carter* Lawsuit.

## INSURANCE POLICY

10.    CFIC issued Policy No. 5068861812 ("the Crum & Forster Policy") to Priefert.  The Crum & Forster Policy incepted on September 1, 2016 and expires on September 1, 2017.  The per occurrence limits for both the Commercial Auto and Commercial General Liability coverage parts exceed $75,000.

11.    The Crum & Forster Policy includes two coverage parts that are pertinent to this matter: a Commercial Auto Coverage Part and a Commercial General Liability Coverage Part.  However, both coverage parts exclude coverage for bodily injury to Priefert's employees.  These "Employers Liability" exclusions extend to the claims that have been asserted by the spouse, parent, sibling and child of Carter as a consequence of the injury to Carter.

12.    Additionally, the Commercial General Liability Coverage Form contains an "Aircraft, Auto and Watercraft" Exclusion that may also bar coverage under the Commercial General Liability Coverage Part for any damages awarded against Priefert in the Underlying Lawsuit.

## COUNT I - DECLARATORY RELIEF AS TO THE DUTY TO DEFEND

13.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

14. An actual controversy of a justiciable nature presently exists between CFIC and Priefert concerning the rights and obligations of the parties to the Policy with respect to the Underlying Lawsuit.

15. CFIC seeks a judicial determination that it has no duty to defend Priefert in the Underlying Lawsuit because Carter was employed by Priefert and working in the course and scope of his employment when he was killed.

## COUNT II - DECLARATORY RELIEF AS TO THE DUTY TO INDEMNIFY

16. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

17. An actual controversy of a justiciable nature presently exists between CFIC and Priefert concerning the rights and obligations of the parties to the Policy with respect to the Underlying Lawsuit.

18. CFIC seeks a judicial determination that it has no duty to indemnify Priefert against any damages awarded or judgments entered in the Underlying Lawsuit because Carter was killed while working in the course and scope of his employment for Priefert.

19. Alternatively, CFIC seeks a judicial determination that it has no duty to indemnify Priefert under the Commercial General Liability Coverage Part, because Carter's death arose out of the ownership, maintenance and use of an auto owned or operated by Southern Sales.

## JURY TRIAL

20. CFIC requests a jury trial on all issues so triable.

## PRAYER

WHEREFORE, Plaintiff Crum& Forster Indemnity Company prays that the Court:

1. Issue a declaration that CFIC has no duty to defend Priefert under the Crum & Forster Policy for any of the claims alleged against Priefert in the Underlying Lawsuit;

2. Issue a declaration that CFIC has no duty to indemnify Priefert under the Crum & Forster Policy for any of the damages sought against Priefert in the Underlying Lawsuit; and

3. Award Plaintiff all other relief to which it may be entitled, including, but not limited to its attorney fees, costs, and expenses.

        Respectfully submitted,

        THOMPSON, COE, COUSINS & IRONS, L.L.P.

    By: */s/ Brian S. Martin*
       Brian S. Martin, Attorney-In-Charge
       Texas State Bar No.: 13055350
       *E-Mail: bmartin@thompsoncoe.com*
       Cyrus W. Haralson
       State Bar No. 24065371
       *E-mail: charalson@thompsoncoe.com*
       One Riverway, Suite 1400
       Houston, Texas 77056-1988
       (713) 403-8282  Telephone
       (713) 403-8299  Facsimile