# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| **CRUM & FORSTER INDEMNITY COMPANY** § § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | Civil Action No. 5:17-cv-154 |
| § | | |
| **PRIEFERT LOGISTICS, LP and EDNA CARTER, INDIVIDUALLY and ON BEHALF OF MICHAEL CARTER, DECEASED** § § § § § | | |
| *Defendants* § | | |

## CRUM & FORSTER INDEMNITY COMPANY'S
## FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Crum & Forster Indemnity Company ("Crum & Forster") files its Complaint for Declaratory Judgment against Priefert Logistics, LP ("Priefert") and Edna Carter, Individually and on behalf of Michael Carter, Deceased, Christopher Carter, Tammy Turnbow, and Teresa Miller and respectfully shows the Court as follows:

## PARTIES

1. Crum & Forster Indemnity Company is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Morristown, New Jersey.

2. Priefert Logistics, LP is a corporation organized under the laws of the State of Texas with its principal place of business in Mount Pleasant, Texas. Priefert has already appeared in this case.

3. Edna Carter is an individual and resident of Texas who may be served at 4970 County Road 2131, Detroit, TX 75436. Edna Carter has already appeared in this case.

4. Christopher Carter is an individual and resident of Texas who may be served at 4970 County Road 2131, Detroit, Texas 75436. Citation is requested for this defendant.

5. Tammy Turnbow is an individual and resident of Texas who may be served at 350 County Road 2104, Daingerfield, Texas 75638. Citation is requested for this defendant.

6. Teresa Miller is an individual and resident of Texas who may be served at 503 Lafayette Street, Pittsburg, Texas 75686. Citation is requested for this defendant.

## JURISDICTION AND VENUE

7. This court has subject matter jurisdiction over this lawsuit pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202.

8. In addition, this court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

9. Venue is proper in this Court under 28 U.S.C. §1391(a)(2) because a substantial part of the events giving rise to this claim occurred within this District and within this Division.

10. Venue is also appropriate in this Court under 28 U.S.C. §1391(a)(3) because Defendant Priefert has, at all material times, conducted business in the State of Texas.

## FACTUAL BACKGROUND OF UNDERLYING LAWSUITS

11. This action arises out of a present controversy between Crum & Forster and Defendants regarding the duties of Crum & Forster to defend and indemnify Priefert in two lawsuits arising out of an unfortunate incident. The first is styled *Edna Carter, Individually and on Behalf of Michael Carter, deceased v. Priefert Manufacturing Company, Inc., et al.;* Cause No. CV-43343; In the 62nd Judicial District Court of Hopkins County, Texas (the "Texas Lawsuit"). The second is styled as *Estate of Michael Carter, et al v. Priefert Mfg. Co., Inc.*; Case

No. 18CV53192; In the Circuit Court of the State of Oregon for the County of Multnomah ("the Oregon Lawsuit").

12. In the Texas Lawsuit, the Plaintiffs have sued Priefert Logistics, LP, Priefert Manufacturing Company, Inc. ("PMC"), Stanley Aulsbrook, Aulsbrook & Son Truck Lines, LLC ("Aulsbrook & Son"), and Wilco Farmers d/b/a Wilco Farm Stores ("Wilco") alleging that Wilco contracted with PMC and Priefert to purchase or lease a load of cattle gates. The Plaintiffs assert that Michael Carter was killed as a result of the unloading of the cattle gates at Wilco's Oregon facility.

13. Plaintiffs' First Amended Petition in the Texas Litigation alleges, in pertinent part:

> 5.2 Defendants Priefert Manufacturing and/or Priefert Logistics leased a truck from Stanley Aulsbrook and/or Aulsbrook and Son for purposes of hauling the load to the Wilco facility in Mount Angel, Oregon.
>
> 5.3 Priefert Manufacturing and/or Priefert Logistics was responsible for loading the load on a trailer prior to transport to Oregon. The unsafe loading of the trailer at the Texas facility contributed to this incident.
>
> 5.4 Michael Carter was the driver hired by Aulsbrook to deliver the cattle gates to Defendant Wilco in Mount Angel, Oregon.
>
> 5.5 Defendant Wilco was responsible for unloading the cattle gates from the trailer. As employees of Defendant Wilco were unloading the cattle gates, the gates fell onto Michael Carter, killing him. Defendant Wilco's employees were unsafe in their handling of the cargo, and this contributed to Michael Carter's death.
>
> 5.6 Furthermore, Defendant Priefert was responsible for training Defendant Wilco's employees on how to safely unload the truck. This training was inadequate and contributed to Michael Carter's death.

Attached as Exhibit A.

14. Wilco was later dismissed as a defendant in the Texas Lawsuit, which resulted in Carter's family filing the Oregon Lawsuit. The pertinent portions of Plaintiffs' Complaint in the

Oregon Lawsuit allege:

    16.    Defendants Priefert were responsible for safely loading the gates and other equipment onto trailers for transport to Oregon, but failed to do so and were a substantial factor in causing Michael Carter's injuries and death.

    17.    Defendants Priefert contracted with Michael Carter's employer, Aulsbrook and Son Truck Lines LLC and/or Stanley Aulsbrook, to transport the trailer from Texas to defendant Wilco's Mt. Angel, Oregon distribution facility.

    18.    Michael Carter was acting within the course and scope of his employment when delivering the trailer to defendant Wilco.

    19.    Defendants Priefert trained Michael Carter how load and unload the livestock gates in Texas.

    20.    On February 28, 2017, Michael Carter delivered the load in question to defendant Wilco who was responsible for safely unloading the gates from the trailer.

    21.    After Mr. Carter arrived, defendant Dennis removed the ties and bands from the load and removed the gates with a forklift.

    22.    At the same time, defendant Isaacson was training and supervising defendant Dennis. Defendant Isaacson was also defendant Dennis' guide while he drove the forklift.

    23.    While being unloaded, the gates fell onto Michael Carter causing severe injuries which ultimately resulting amputation of both legs and his eventual death.

    26.    At all times mentioned, defendants Priefert were negligent in one or more of the following ways:…(e) in failing to properly train Michael Carter how to safely unload the cargo in question.

Attached as Exhibit B.

## INSURANCE POLICY

15.    Crum & Forster issued Policy No. 5068861812 ("the Crum & Forster Policy") to Priefert. The Crum & Forster Policy incepted on September 1, 2016 and expires on September 1, 2017. The per occurrence limits for both the Commercial Auto and Commercial General Liability coverage parts exceed $75,000. A copy of the Crum & Forster Policy is attached to this

Amended Complaint as Exhibit C.

16. The Crum & Forster Policy includes two coverage parts that are pertinent to this matter: a Commercial Auto Coverage Part and a Commercial General Liability Coverage Part. However, both coverage parts exclude coverage for bodily injury to Priefert's "employees." The pertinent portions state:

**SECTION II - COVERED AUTOS LIABILITY COVERAGE**

\*   \*   \*

**B.    Exclusions**

This insurance does not apply to any of the following:

\*   \*   \*

**4.    Employee Indemnification And Employer's Liability**

"Bodily injury" to:

**a.** An "employee" of the "insured" arising out of and in the course of:

**(1)** Employment by the "insured"; or

**(2)** Performing the duties related to the conduct of the "insured's" business; or

**b.** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

This exclusion applies:

**(1)** Whether the "insured" may be liable as an employer or in any other capacity; and

**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of

the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

Exhibit C at Crum & Forster 0006 and 0025. Both Parts also have identical definitions of what constitutes an "employee":

### SECTION VI – DEFINITIONS

\*     \*     \*

**F.**    "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

\*     \*     \*

**I.**    "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

\*     \*     \*

**Q.**    "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short- term workload conditions.

Exhibit E at Crum & Forster 0017, 0020, 0034, and 0036.

17.    Additionally, the Commercial General Liability Coverage Form contains an "Aircraft, Auto and Watercraft" Exclusion that also bars coverage under the Commercial General Liability Coverage Part and states:

### SECTION I – COVERAGES

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

\*     \*     \*

**2.    Exclusions**

This insurance does not apply to:

\* \* \*

    **g.**    **Aircraft, Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

Exhibit C at Crum & Forster 0008.  The CGL Part also defines the following terms:

**SECTION V – DEFINITIONS**

\* \* \*

**2.**    "Auto" means:

    **a.**    A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

    **b.**    Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

\* \* \*

**11.**    "Loading or unloading" means the handling of property:

    **a.**    After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or "auto";

    **b.**    While it is in or on an aircraft, watercraft or "auto"; or

    **c.**    While it is being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered;

> but "loading or unloading" does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto".

Exhibit C at Crum & Forster 0017-0018.

## COUNT I - DECLARATORY RELIEF AS TO THE DUTY TO DEFEND

18. Crum & Forster re-alleges and incorporates by reference all preceding paragraphs.

19. An actual controversy of a justiciable nature presently exists between Crum & Forster and Priefert concerning the rights and obligations of the parties to the Policy with respect to the Texas or Oregon Lawsuits.

20. Crum & Forster seeks a judicial determination that it has no duty to defend Priefert in the Texas or Oregon Lawsuits because Michael Carter was employed by Priefert and working in the course and scope of his employment when he was killed.

## COUNT II - DECLARATORY RELIEF AS TO THE DUTY TO INDEMNIFY

21. Crum & Forster re-alleges and incorporates by reference all preceding paragraphs.

22. An actual controversy of a justiciable nature presently exists between Crum & Forster and Priefert concerning the rights and obligations of the parties to the Policy with respect to the Texas or Oregon Lawsuits.

23. Crum & Forster seeks a judicial determination that it has no duty to indemnify Priefert against any damages awarded or judgments entered in the Texas or Oregon Lawsuits for the same reasons it lacks a duty to defend in those cases.

24. Additionally, Crum & Forster seeks a judicial determination that it has no duty to indemnify Priefert against any damages awarded or judgments entered in the Texas or Oregon Lawsuits because Carter was killed while working in the course and scope of his employment for Priefert.

25. Crum & Forster also seeks a judicial determination that it has no duty to indemnify Priefert under the Commercial General Liability Coverage Part, because Carter's death arose out of the ownership, maintenance and use of an auto owned or operated by Priefert.

## JURY TRIAL

26. Crum & Forster requests a jury trial on all issues so triable.

## PRAYER

WHEREFORE, Plaintiff Crum & Forster Indemnity Company prays that the Court:

1. Issue a declaration that Crum & Forster has no duty to defend Priefert under the Crum & Forster Policy for any of the claims alleged against Priefert in the Texas or Oregon Lawsuits;

2. Issue a declaration that Crum & Forster has no duty to indemnify Priefert under the Crum & Forster Policy for any of the damages sought against Priefert in the Texas or Oregon Lawsuits; and

3. Award Crum & Forster all other relief to which it may be entitled, including, but not limited to its attorney fees, costs, and expenses.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */s/ Christopher H. Avery*
    Brian S. Martin, Attorney-In-Charge
    Texas State Bar No.: 13055350
    *E-Mail: bmartin@thompsoncoe.com*
    Cyrus W. Haralson
    State Bar No. 24065371
    *E-mail: charalson@thompsoncoe.com*
    Christopher H. Avery
    State Bar No. 24069321
    *E-mail: cavery@thompsoncoe.com*

One Riverway, Suite 1400
Houston, Texas   77056-1988
(713) 403-8282  Telephone
(713) 403-8299  Facsimile

**Attorneys for Plaintiff**
**Crum & Forster Indemnity Company**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been sent to all recipients via the Court's electronic notification system on this 30th day of April, 2019.

| | |
|---|---|
| Darby Doan<br>Kyle Akin<br>HALTOM & DOAN<br>6500 Summerhill Road<br>Crown Executive Center, Suite 100<br>P.O. Box 6227<br>Texarkana, Texas 75505<br>903-255-1000 │ 903-255-0800 (*fax*)<br>Email: ddoan@haltomdoan.com<br>Email: klerandallakin@gmail.com<br>***Attorneys for Priefert Logistics, LP*** | Jennifer L. Mathis<br>DANIEL STARK, P.C.<br>P.O. Box 1153<br>Bryan, Texas 77806<br>979-846-8686 │ 979-764-8002 (*fax*)<br>Email: jmathis@danielstarklaw.com<br>***Attorney for Edna Carter*** |

                                        */s/ Christopher H. Avery*
                                        Christopher H. Avery